UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Crim No. 21-CR-333 (RJL) |
| | ) | |
| **v.** | ) | |
| | ) | |
| **DAVID ZOBEL** | ) | |

## UNITED STATES' MOTION *IN LIMINE* TO ADMIT EVIDENCE RELATING TO THE DEFENDANT'S PRIOR CONVICTION

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to permit the introduction of information regarding the defendant's prior conviction at trial. Specifically, the government seeks 1) to elicit limited testimony regarding the defendant's 2011 conviction and to introduce the redacted Judgement and Commitment Order as an exhibit; 2) to elicit testimony that the defendant was supervised by a Probation Officer at the time of the offense; and 3) to elicit the defendant's statements to law enforcement that he fled from police because he did not want to go back to jail. In support of this motion, the United States relies on the following points and authorities, and such other points and authorities as may be cited at a hearing on this matter.

### FACTUAL SUMMARY

On December 1, 2020, a Federal Bureau of Investigation ("FBI") Washington Field Office ("WFO") Task Force Officer ("TFO") was acting in an undercover (UC) capacity as part of the MPD-FBI Child Exploitation Task Force, operating out of a satellite office in Washington, D.C. In that capacity, the UC entered a fetish website for the purpose of identifying individuals who are seeking to exploit children. This site is known to the UC as a place where people meet, discuss and trade original images of underage children, links containing child pornography, and videos,

1

among other things. On December 1, 2020, the UC posted the following advertisement: "Any other dad's at home with very young or anyone else babysitting?" The UC left his KIK[1] screen name at the end of the message.

On December 3, 2020, the defendant initiated a conversation over the KIK messaging application with the UC. The defendant used KIK username "slothllama99" and display name "Jeremy Teasdale." During the course of the chat, the defendant stated that he was a 40-year-old male residing in Ohio and described himself as "a middle aged sex offender with lots of good memories." The defendant stated that he had sexually abused his 12-year-old daughter and her friend and was ultimately arrested after the friend reported the abuse.

Over the course of the chat, the defendant repeatedly expressed interest in watching the UC sexually abuse his purported 8-year-old daughter. In particular, the defendant requested that the UC make the child put her mouth on the UC's penis while the defendant watched the abuse live over the Internet. The defendant requested that the UC ejaculate on the child's face, and that the child "eat" the UC's ejaculate.

The defendant also sent the UC a link to a Tor[2] website. The UC inserted the link into the Tor browser and observed that it routed to a web page dedicated to child pornography and erotica. The UC observed several images depicting preteen children posing naked with their legs spread,

---

1 KIK is an instant messaging mobile application where one can transmit and receive messages, photos, and videos. Users can communicate privately with other users or in groups.

2 TOR, short for The Onion Router, is free and open-source software for enabling anonymous communication by directing Internet traffic through a free, worldwide, volunteer overlay network in order to conceal a user's location and usage from others, making it more difficult to trace Internet activity to the user. TOR browser software is required to access "the dark web."

exposing their bare vaginas, on this website. The defendant explained this site to the UC as an image board containing "homemade material and stuff from studios between the ages of 5 to 15."

The defendant further claimed to the UC that he had met a 16-year-old girl on the same fetish website where he first encountered the UC. The defendant stated that he had sent child sexual abuse material to this girl, and that she had sent him sexually explicit material of herself. The defendant sent the UC two images of the girl: the first image depicts the girl wearing a bra and panties, and the second image depicts the girl standing naked, exposing her breasts and vagina. The defendant also sent the UC a third photo, which he claimed to have sent to the 16-year-old girl the prior night. The image depicts a prepubescent female sitting on a bed wearing a Madagascar shirt with her legs spread. The child's bare vagina is exposed.

During the chat, the UC asked the defendant to verify that he was in fact a sex offender. In response, the defendant sent the UC two images depicting a partial image of a Judgment in a criminal case from the United States District Court for the Southern District of Ohio. The first image showed the District and a partial court number. The second image showed the offense of conviction as 18 USC § 2422(b), Coercion and Enticement of a Minor.

Law enforcement was able to match the visible information on the two photographs sent by the defendant to a Judgment and Commitment Order from the Southern District of Ohio for David Zobel, showing that he had pled guilty to 18 U.S.C. § 2422(b) on March 9, 2011. Law enforcement records established that the defendant is a registered sex offender and provided a Columbus, Ohio address. An emergency disclosure request to KIK revealed that the "slothllama99" account was associated with an IP address of 76.181.254.115, which was serviced by Spectrum. Law enforcement served a further subpoena on Spectrum for the subscriber of that

IP address. Spectrum responded that the IP address was registered to the defendant at the same Columbus, Ohio address.

Law enforcement contacted the defendant's Probation Officer, who informed them that the defendant resided in a halfway house at the Columbus, Ohio address. The Probation Officer described the residence as a duplex with four separate units. Each unit was secure from the other units and had its own front and back door, which was only accessible by the resident and had a lock. The defendant was the sole occupant of his unit. Each tenant subscribed to Internet individually and maintained his own Internet equipment.

On December 4, 2020, law enforcement obtained an arrest warrant for the defendant, charging him with one count of Distribution of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2), and one count of Attempted Production of Child Pornography, in violation of 18 U.S.C. § 2251(a), (e). Law enforcement responded to the defendant's place of employment in Columbus, Ohio to effectuate the arrest; however, the defendant could not be found. FBI Special Agent Matt Guinn called the defendant, who stated that he had fled from his place of employment when he observed police because he did not want to go to jail again. Law enforcement ultimately located the defendant and placed him under arrest.

At trial, the government seeks to elicit limited information that either directly references the defendant's 2011 conviction, or that indicates he has been arrested, as outlined in detail below. The government seeks to introduce this information to meet its burden to show that the defendant was the individual communicating with the undercover officer. This evidence has negligible prejudicial effect, given that the information will already be before the jury as a result of the defendant's own statements to the undercover officer that he had been arrested and that he was a

4

sex offender. *See, e.g., United States v. Mahler*, 579 F.2d 730, 736 (2d. Cir. 1978) (any "incremental prejudice" resulting from the use of the defendant's convictions when they had already been admitted for another purpose was minimal); *United States v. Chauncey*, 420 F.3d 864, 874 (8th Cir. 2005) (information regarding defendant's prior conviction was already admitted, and thus danger of unfair prejudice by repetition of the evidence was negligible); *United States v. Lattner*, 385 F.3d 947, 961 (6th Cir. 2004) (prejudicial effect of evidence related to prior conviction was minimal when evidence of defendant's prior drug transactions had already been introduced).

## ARGUMENT

**A.    Testimony and Redacted Judgment and Commitment Order**

To begin, the government seeks to admit testimony from the lead FBI agent regarding the defendant's 2011 conviction and to introduce a redacted copy of the certified Judgment and Commitment Order (J&C).

As detailed above, the defendant informed the undercover officer that he was a sex offender and then sent the officer two photographs of the J&C as proof. One photograph included the District and a partial case number, and the second photograph included the offense of conviction – 18 U.S.C. § 2422(b), Coercion and Enticement of a Minor. The government plans to redact the offense of conviction from the second photograph sent by the defendant. The defendant's name was not shown. Based on the visible information, however, law enforcement was able to ascertain that the J&C related to David Zobel, thus identifying the defendant as the individual communicating with the undercover officer.

The government intends to elicit limited testimony from the lead FBI agent regarding the identification of the defendant in order to show that the defendant was the individual

5

communicating with the FBI agent. The FBI agent will explain that she matched the visible information on the court document sent by the defendant – the District, the partial case number, and the offense of conviction (<u>without identifying the specific offense</u>) to a court document involving David Zobel. The government will seek to admit the J&C Order as an exhibit, with the offense of conviction redacted, to show that it matches the order shown in the photos sent by the defendant.

In every criminal case, the government must prove that the defendant is the individual who committed the charged crimes. Here, the government must prove that the defendant was the individual who was communicating with the undercover officer on KIK. The J&C is directly relevant to prove this element and, indeed, it was the main piece of evidence which led law enforcement to the defendant. The government will redact the offense of conviction from both the photograph of the J&C sent by the defendant and the J&C exhibit, and will not elicit this information from the FBI agent, in order to minimize any prejudice to the defendant. Moreover, given that this information will already be in front of the jury based on the defendant's own statements to the UC that he had been arrested and is a sex offender, any additional prejudice is negligible. Accordingly, the government requests that the Court permit the introduction of this testimony and the redacted J&C.

**B.    The Defendant's Probation Officer**

The government intends to call the defendant's Probation Officer to provide information regarding the defendant's residence in Columbus, Ohio. Based on his supervision of the defendant, the Probation Officer has personal knowledge that 1) the defendant was the sole resident of his unit; 2) the unit was entirely separate from others in the building, with its own locking front and

back doors; and 3) each tenant subscribed to Internet individually and maintained his own Internet equipment.[3] This information is necessary to the government's case to show that no one other than the defendant had access to the IP address associated with the KIK account.

The government intends to elicit information from the Probation Officer regarding the basis of his knowledge of the defendant's residence – in short, that he was the defendant's Probation Officer and, as result, was responsible for checking the defendant's residence. The government will not elicit any information regarding the defendant's underlying offense. Given this limited information, any prejudice will be minimal. Moreover, as noted above, the information that the defendant has been arrested and is a sex offender will already be before the jury.

C.   **The Defendant's Statement that He Did Not Want to Go Back to Jail**

Finally, the government seeks to admit the defendant's statement to an FBI agent that he fled from law enforcement because he did not want to go back to jail. This information is relevant to show the defendant's consciousness of guilt – in other words, it confirms that the defendant fled because he knew he was engaged in illegal behavior for which he would be sent back to jail if caught, rather than for some other reason. This evidence supports the main issue in this case: whether the defendant was the individual communicating with the FBI officer.

The government is not eliciting any further information about why the defendant was previously in jail. Moreover, any prejudice is negligible given the defendant's own admission that he has been arrested. Accordingly, the government seeks admission of this statement under Federal Rule of Evidence 801(d) as a statement of a party-opponent.

WHEREFORE, for the reasons stated above, the United States respectfully requests that

---

[3] The government will not elicit testimony that the residence was a halfway house.

the Court grant the government's motion to introduce evidence relating to the defendant's 2011 conviction.

                                                       Respectfully submitted,

                                                       MATTHEW M. GRAVES
                                                     UNITED STATES ATTORNEY
                                                     D.C. Bar No. 481052

                                                   By:      */s/ Caroline Burrell*
                                                     Caroline Burrell
                                                     Janani Iyengar
                                                     Assistant United States Attorneys
                                                     601 D. St N.W.
                                                     Washington, D.C. 20530
                                                     (202) 252-6950
                                                     caroline.burrell@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of this motion was served upon counsel of record for the defendant through the electronic court filing system, this 4[h] day of January, 2024.

                                           */s/ Caroline Burrell*
                                           Caroline Burrell
                                           Assistant United States Attorney